**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| CRYSTAL CLEAR CASH FLOW LLC d/b/a Akadian Accounting Education 625 Conduit Road Colonial Heights, VA 23834<br><br>        *Plaintiff*<br><br>vs.<br><br>CORRY JANKOWSKI 38 E Dahlia Lane Round Lake Beach, IL 60073, US<br><br>        *Defendant* | CIVIL ACTION NO:      3:26cv501<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Crystal Clear Cash Flow LLC d/b/a Akadian Accounting Education ("Plaintiff", "CCCF", or "Akadian"), by and through its undersigned counsel, by way of Complaint against Corry Jankowski ("Defendant" or "Jankowski"), states as follows:

**NATURE OF ACTION**

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et. seq.* as well as for breach of contract against Defendant, Corry Jankowski.

2.      Akadian is a highly reputable and established brand and business in accounting education.

3.      Akadian creates and owns the technical infrastructure to create, host, and sell accounting education products, and also has extensive support, including, but not limited to, a customer service team, sales team, marketing team, etc.

4. Akadian often works with subject matter experts with unique knowledge of a particular subject to create saleable accounting and bookkeeping courses.

5. Corry Jankowski was one of those subject matter experts and Plaintiff Akadian entered into an agreement with Jankowski where she would develop course materials for a bookkeeping cleanup course, and as compensation for her work, she would receive 40% of the Akadian's sales for this course after deducting marketing expenses.

6. The agreement between the parties was clear and undisputed – all intellectual property rights in the course materials would lie with Akadian, since Akadian was the party covering all expenses in the creation and marketing of the course.

7. Jankowski was paid over $725,000 pursuant to the agreement.

8. However, in October 2025, Jankowski terminated the agreement, demanding a "buyout" when there was no contractual obligation for Akadian to do so.

9. Prior to terminating the Agreement, Jankowski took the position that she possessed all intellectual property rights to the course materials and to that end, registered a copyright with the United States Copyright Office.

10. The copyright registration had a single purpose - to force Plaintiff to either pay Jankowski for the right to utilize intellectual property that it already possessed by virtue of the agreement between the parties, or to force Plaintiff to expend significant sums to develop a new course from scratch rather than being able to build off the course that Plaintiff and Jankowski developed together.

11. To that end, Jankowski has made the extortionate demand that Plaintiff pay nearly $200,000 for the intellectual property rights that Plaintiff already possesses pursuant to the agreement between the parties.

12. Given Jankowski's outrageous demand, Plaintiff has little choice but to seek declaratory judgment from this Court either that all materials created by Jankowski pursuant to the relationship between the parties constitutes work for hire under the Copyright Act of 1976 or alternatively, that Jankowski agreed to assign all intellectual property rights to the course materials, including, but not limited to, all registered copyrights, to Akadian.

13. Furthermore, while Jankowski created the original course materials, she breached the Agreement in several ways.

14. First Jankowski's materials were late, incomplete, and not in a saleable form, forcing Akadian to expend significant sums of time and money to complete these materials to the point where Akadian could sell them as part of its bookkeeping cleanup courses.

15. Second, Jankowski has failed to deliver physical possession of all course materials to Plaintiff after termination despite the fact that the agreement plainly states that she must do so.

16. As a result, Jankowski has breached the agreement between the parties and the implied covenant of good faith and fair dealing, and Akadian has suffered substantial damage as a result of those breaches.

## PARTIES

17. Plaintiff is a Wyoming limited liability company with its headquarters and principal place of business located at 625 Conduit Road, Colonial Heights, VA 23834.

18. Upon information and belief, Jankowski is an adult individual residing at 38 E Dahlia Ln, Round Lake Beach, IL 60073, US.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim for relief under the United States Copyright Act of 1976, 17 U.S.C. § 501.

3

20. This Court also has diversity jurisdiction over this civil action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between parties located in different states. Namely, Plaintiff is a Wyoming limited liability company headquartered in Virginia and with its CEO and founder residing in Virginia, whereas Defendant resides in Illinois.

21. This Court has personal jurisdiction over Defendant because she has sufficient minimum contacts with the forum, namely the contract in question that Defendant signed contains a choice of forum provision in favor of Virginia.

22. Venue is proper in the Eastern District of Virginia under 28 U.S.C. §1391, as the events and/or omissions giving rise to Plaintiff's claims occurred in this District and the parties have also agreed to resolve any disputes relating to the contract between the parties in Virginia.

## BACKGROUND

23. Akadian is in the business of providing accounting education to individuals and accounting firms, including, but not limited to, educational courses in bookkeeping.

24. Akadian offers not only educational bookkeeping courses, but also professional certifications for bookkeepers and accounting professionals to demonstrate a level of proficiency in that profession.

25. A common element of bookkeeping involves cleaning up the books of businesses.

26. Oftentimes a business in its early phases will not have a full or part-time bookkeeper and it becomes necessary for a bookkeeper not only to begin performing bookkeeping tasks, but also to clean up that business's books.

27. Because bookkeeping cleanup is a common and vital element of bookkeeping generally, Akadian sought to create a course dedicated to bookkeeping cleanup.

4

28.     To that end, Plaintiff engaged with Jankowski, who is a subject matter expert in bookkeeping cleanup, to create a bookkeeping cleanup course.

29.     The agreement between the parties was that while Jankowski was responsible for the creation of the content for the bookkeeping cleanup course, that Plaintiff would retain all intellectual property rights to all course materials.

30.     Conversely, Jankowski would not be bound by any sort of non-compete and/or non-solicitation agreement.

31.     In other words, once the relationship terminated, Jankowski would be free to take the content that she created on behalf of Akadian, and provided that she removed Akadian's branding, could use that content to sell bookkeeping cleanup courses independent of Akadian if she so chose.

32.     In addition to the Agreement, these terms were specifically discussed verbally at length between Jankowski and Margie Remmers-Davis, a member of Akadian, prior to Jankowski signing the Agreement.

33.     On or about September 12, 2023 the parties reduced their agreement into "Consulting Agreement" (the "Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit A.

34.     The Agreement, which stated that the relationship between the parties was a "joint venture," indicated that Jankowski would be responsible for the development, content, and creation of instructional courses on bookkeeping cleanup that Plaintiff would market (the "Cleanup Course").

35.     The courses would be created using Plaintiff's existing technology platforms and tools and would follow Plaintiff's branded guidelines and format.

36.    Plaintiff also contributed the services of its internal team, such as, for example, an editor for written materials.

37.    As set forth above, Akadian has an established and strong market presence in the field of accounting education, a requirement for a successful educational product launch.

38.    While Jankowski had strong subject matter knowledge, she would not have been able to sell this bookkeeping cleanup course without Akadian's brand and operational infrastructure.

39.    Additionally, the parties agreed to work together to update the course content and reformat the course platform or tools as necessary.

40.    In exchange for her services, Plaintiff agreed to pay Jankowski 40% of all sales of the Cleanup Course after deducting for marketing expenses.

41.    Plaintiff also agreed to reimburse Jankowski for all reasonable costs and out of pocket expenses associated with the creation and maintenance of the Cleanup Course.

42.    Because Plaintiff agreed to cover all out of pocket costs and expenses associated with the creation, sales, marketing, support and maintenance of the Cleanup Course, in addition to hosting the course on its technology platform, the parties agreed that all intellectual property rights to the Cleanup Course would belong to Plaintiff:

> 3.    Consultant understands and acknowledges that upon execution of this Consulting Agreement, CCCF will incur substantial costs and out of pocket expenses associated with the Services outlined herein. As such Consultant will promptly disclose, grant and assign to CCCF, for its sole use and benefit, all inventions, improvements, technical information and suggestions relating in any way to the business of CCCF which Consultant may develop or acquire during the term of this Agreement (whether or not during the usual working hours), together with all patent applications, letters patent, copyrights and reissues thereof that may at any time be granted for or upon any such invention, improvement or technical information, notwithstanding the terms outlined in Exhibit A.

*Id.*

6

43.     This paragraph reflects the verbal understanding reached between the parties prior to the execution of the Agreement, wherein they agreed that Plaintiff would possess all intellectual property rights to the Cleanup Course and any associated materials.

44.     The Agreement also reflects the parties' understanding of Jankowski's right to repurpose the materials for use beyond termination of the Agreement:

> In the event of written notice of termination, CCCF reserves the right to use, repurpose, sell, and distribute any work product created by Consultant through the written date of termination. Likewise, Consultant retains the right to create a product of like kind and may distribute the product under Consultant's own brand, without reference to CCCF unless permission has been given in writing to do so.

*Id.*

45.     Furthermore, as set forth above, the Agreement makes clear that Plaintiff possesses a similar right to repurpose the materials created by Jankowski on Plaintiff's behalf.

46.     Simply put, the Agreement makes clear that Plaintiff possesses the intellectual property rights to all materials created by Jankowski pursuant to the Agreement.  In other words, these materials are "work made for hire" pursuant to the Copyright Act of 1976.

47.     Furthermore, even if these materials are not "work made for hire," Jankowski has agreed to assign her intellectual property rights in those materials to Plaintiff.

48.     Additionally, the Agreement requires Jankowski to, at the request of Plaintiff, deliver all materials and documents produced by Jankowski pursuant to the Agreement.  In other words, the Agreement also makes clear that Plaintiff has a right to physical possession of all materials created by Jankowski pursuant to the Agreement.

49.     On or about October 15, 2026, Jankowski opted to terminate the Agreement.

50.     Although the Agreement indicated that a termination without cause would be effective 30 days after written notice, the parties mutually agreed to extend the termination date to December 31, 2025 under the conditions a) that Jankowski execute a mutual release and b) to allow Akadian to conduct a "liquidation sale" to bring in additional revenue to be paid to Jankowski in lieu of a buyout, which Jankowski, without any basis to do so, demanded when she gave her notice of termination in October 2025.

51.     Despite the fact that the Agreement makes clear that Plaintiff has both the physical and intellectual property rights to the Cleanup Course materials, Defendant is now inexplicably demanding that Plaintiff pay her nearly $200,000 in exchange for those rights.

52.     Defendant's demand for payment was premeditated.

53.     On September 29, 2025, approximately two weeks before she gave notice that she was terminating the Agreement, Defendant registered "QBO Cleanup Course," Registration Number PA0002562298 under "Motion Pictures" with the United States Copyright Office.  A true and correct copy of the record of Jankowski's copyright registration is attached hereto as Exhibit B.

54.     The copyright registration indicates that the Cleanup Course was created in 2023 and first published on January 3, 2024.  *Id.*

55.     Defendant had no right to register the copyright for the Cleanup Course, and never informed Akadian that she had registered this copyright or sought permission from Akadian to do so.

56.     Defendant also stood to gain nothing from registering the Cleanup Course videos as they contain Akadian's branding.

8

57.     The Cleanup Course videos include Akadian's branding, to which it holds both common law and statutory trademark rights.

58.     Additionally, the Cleanup Course videos contain materials supplied by Akadian to Jankowski, meaning that Akadian possesses copyrights to certain materials contained within those videos.

59.     Defendant would therefore not be able to sell the Cleanup Course without Akadian's permission.

60.     However, the Agreement also makes clear that Defendant has the right to create derivative works developed from the Cleanup Course.

61.     In other words, registering the copyright to the Cleanup Course was entirely unnecessary but for one purpose.

62.     Defendant's sole intention in registering the copyright for the Cleanup Course was to obstruct Plaintiff - to force it to expend significant sums, either by paying Jankowski for the copyright (or a license) or to develop a new bookkeeping cleanup course from scratch.

63.     As set forth above, the Agreement reflects the intent of the parties, which was that in exchange for Plaintiff shouldering the costs of creating the Cleanup Course, it would own all intellectual property relating to same.

64.     Yet, Jankowski never assigned the copyright for the Cleanup Course and is now extortionately demanding payment for intellectual property which is already lawfully owned by Akadian.

65.     Additionally, despite multiple requests, Defendant has failed to turn over the materials to Plaintiff as required under the Agreement.

66.     Defendant also breached the Agreement by failing to deliver much of the agreed-upon work product.  And the work product that was delivered was past the deadline set in the Agreement.

67.     Although Plaintiff paid approximately $725,000 to Defendant during the term of the Agreement, the work product delivered by Defendant was not only late but incomplete, forcing Plaintiff to expend significant amounts of time and money to complete the product itself and put it into saleable condition.

68.     The Agreement was clear that Defendant would be responsible for preparing the Cleanup Course to the point where it could be sold, yet she never did.

69.     Plaintiff was therefore tasked with finalizing these materials at great expense.

70.     Defendant's failure to provide complete work product was a problematic repeated pattern during the relationship, with particular regard to the "Final Project."

71.     The Final Project is a component of the course that students would use to practice their bookkeeping cleanup skills in a real-life setting.

72.     Because the various bookkeeping systems, such as, for example, QuickBooks, are often updated with new features, these courses require frequent commensurate updates.

73.     Defendant was obligated under the Agreement to maintain the Final Project but never did so.

74.     After the Agreement was terminated, Plaintiff discovered that the Final Project in its current form is so outdated as to be completely unusable.

75.     Plaintiff was forced to spend a significant amount of time and money to rebuild this project and was delayed in providing a Final Project to its students who have purchased the

product, representing significant and irreparable damage to the brand Akadian has worked hard to build over the past five years.

76.    As a result of Defendant's conduct, Plaintiff has suffered significant damage.

**COUNT I – DECLARATORY JUDGMENT (28 U.S.C. § 2201 *et. seq.*)**

77.    Plaintiff incorporates all previous paragraphs as if set forth fully herein.

78.    There is a substantial controversy between Plaintiff and Defendant regarding which party possesses the intellectual property rights, including but not limited to, the registered copyrights currently held by Jankowski.

79.    Pursuant to the United States Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, Akadian is entitled to a judicial determination that it possesses all intellectual property rights, including, but not limited to, the registered copyrights currently held by Jankowski.

WHEREFORE, Plaintiff Crystal Clear Cash Flow LLC d/b/a Akadian Accounting Education demands judgment pursuant to the United States Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, that:

   a. Pursuant to the Agreement, all course materials created by Jankowski pursuant to that Agreement constitute "work made for hire" pursuant to the Copyright Act of 1976;

   b. Alternatively, that pursuant to the Agreement, Jankowski agreed to assign all intellectual property rights to all course materials, including the Cleanup Course itself created by Janowski under the Agreement to Akadian;

   c. Compelling Jankowski to assign all intellectual property rights, including but not limited to, the registered copyrights, to all course materials created by Janowski under the Agreement to Akadian;

11

d. In the alternative, holding that Copyright Registration number PA0002562298 as registered by Jankowski on or about September 29, 2025, is invalid; and

e. Awarding punitive damages, interest, cost, attorney's fees, and such other relief as the Court deems appropriate.

## COUNT II – BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

80. Plaintiff incorporates all previous paragraphs as if set forth fully herein.

81. As set forth above, the parties entered into a valid and enforceable contract, executed by Jankowski.

82. Plaintiff has performed its obligations under the Agreement by paying over to Jankowski 40% of all cleanup course sales after deducting expenses.

83. The total paid to Jankowski during the course of this relationship exceeds $725,000.

84. As part of the Agreement, Jankowski was required to develop course materials in a saleable condition.

85. As set forth above, Jankowski repeatedly failed to do so, forcing Plaintiff to expend significant sums of time and money to take Jankowski's incomplete course materials and convert them into something that could be sold to Plaintiff's students.

86. By delivering materials late, and also by failing to deliver complete and saleable course materials, Jankowski has breached the Agreement and/or the implied covenant of good faith and fair dealing contained in all contracts under Virginia law.

87. Jankowski has also breached the Agreement and/or the implied covenant of good faith and fair dealing by failing to maintain the course materials.

88.    Moreover, Jankowski has breached the Agreement and/or the implied covenant of good faith and fair dealing by failing to deliver physical possession of all course materials and other materials created pursuant to the Agreement.

89.    As direct and proximate cause of the breaches by Jankowski, Akadian has suffered substantial damage.

WHEREFORE, Plaintiff Crystal Clear Cash Flow LLC d/b/a Akadian Accounting Education respectfully requests judgment in its favor and against Defendant Corry Jankowski for direct, consequential, and incidental damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

## COUNT III – UNJUST ENRICHMENT

90.    Plaintiff incorporates all previous paragraphs as if set forth fully herein.

91.    Plaintiff conferred a benefit upon Defendant by paying her over $725,000.

92.    Plaintiff expected that Defendant would provide course materials in saleable condition pursuant to the Agreement.

93.    Defendant has retained the benefit of the monies paid by Plaintiff, but has failed to deliver the materials expected by Plaintiff.

94.    As a result, Defendant has been unjustly enriched.

WHEREFORE, Plaintiff Crystal Clear Cash Flow LLC d/b/a Akadian Accounting Education respectfully requests judgment in its favor and against Defendant Corry Jankowski for direct, consequential, and incidental damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

## COUNT IV– COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501

95.    Plaintiff incorporates all previous paragraphs as if set forth fully herein.

96.     As set forth above, the parties agreed that all intellectual property relating to all work product created pursuant to the Agreement would belong to Plaintiff, either as work for hire, or by assignment from Jankowski to Plaintiff.

97.     Jankowski created the Cleanup Course in late 2023 and Akadian published the Cleanup Course in early 2024.

98.     By operation of the Agreement, all intellectual property rights to the Cleanup Course belonged to Akadian upon its creation.

99.     Yet, shortly prior to terminating the Agreement, Jankowski registered the copyright to the Cleanup Course with the United States Copyright Office.

100.    Jankowski's intention was obvious - despite previously agreeing that the intellectual property associated with all work product created pursuant to the Agreement would belong to Akadian, and also despite being paid handsomely for the work performed, Jankowski sought to extract even more money from Plaintiff by asserting intellectual property rights which she did not possess.

101.    In doing so, Defendant has infringed upon the copyright to the Cleanup Course, which in fact belongs to Plaintiff.

102.    As a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff Crystal Clear Cash Flow LLC d/b/a Akadian Accounting Education respectfully requests judgment in its favor and against Defendant Corry Jankowski for direct, consequential, and incidental damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

## COUNT V – BREACH OF FIDUCIARY DUTY

103.    Plaintiff incorporates all previous paragraphs as if set forth fully herein.

14

104. The Agreement states that the parties were engaged in a joint venture.

105. The Agreement also states that Jankowski "agreed to promote, represent, and serve in the best interest of [Plaintiff], it's [sic] employees, shareholders, and partners during the entire Term of this Consulting Agreement."

106. In other words, pursuant to the Agreement, Jankowski owed a fiduciary duty to Plaintiff to act in Plaintiff's best interests.

107. Jankowski was required to develop course materials in a saleable condition.

108. As set forth above, Jankowski repeatedly failed to do so, forcing Plaintiff to expend significant sums of time and money to take Jankowski's incomplete course materials and convert them into something that could be sold to Plaintiff's students.

109. By delivering materials late, and also by failing to deliver complete and saleable course materials, Jankowski violated her duty to act in Plaintiff's best interests.

110. Jankowski also knowingly and intentionally registered a copyright to the Cleanup Course for which she possessed no intellectual property rights.

111. Jankowski did this not in her own self-interest, but rather to deny Plaintiff the ability to create a derivative work without Jankowski's name and likeness.

112. In other words, Jankowski weaponized the copyright registration to force Plaintiff to expend significant sums to develop a new bookkeeping cleanup course from scratch rather than build off the course that Jankowski created.

113. Jankowski also failed to maintain the course materials and failed to deliver physical possession of all course materials and other materials created pursuant to the Agreement.

114. All of the actions or inactions set forth above constitute a failure to act in the best interests of Plaintiff.

15

115.    Additionally, Jankowski was acting in her own self-interest when she registered the copyright to the Cleanup Course, especially since she had no right to do so.

116.    Thus, Jankowski has repeatedly breached her fiduciary duty to Plaintiff.

117.    As a direct and proximate cause of the breach of fiduciary by Jankowski, Akadian has suffered substantial damage.

WHEREFORE, Plaintiff Crystal Clear Cash Flow LLC d/b/a Akadian Accounting Education respectfully requests judgment in its favor and against Defendant Corry Jankowski for direct, consequential, and incidental damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Margaret M. Marks, VSB No. 76819
Jonathan M. Harrison, VSB No. 92911
Bean, Kinney & Korman, P.C.
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
mmarks@beankinney.com
jharrison@beankinney.com
Telephone: 703-525-4000
Facsimile: 703-525-2207
*Counsel for Plaintiff*

16